UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTONIO DOUGHTY, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-306-WCL-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, filed a complaint concerning the diet he is provided at the Allen County Jail. ECF 13. After filing the complaint, he has had difficulty getting the Allen County Jail to remit the initial partial filing fee and installment payments ordered by the court in this case and in another case he has before this court, *Doughty v. Gladieux*, No. 1:20-cv-435-WCL-SLC (N.D. Ind. filed Nov. 25, 2020). He filed a motion to reconsider the filing fee. ECF 14. He explains that, in addition to the court order, he has requested that the jail send the filing fee, but it has not done so despite there being sufficient funds in his account. The initial partial filing fee (but no installment payments) has been paid in this case, though no payments have been made in the other. However, Doughty has sufficiently demonstrated that the failure to pay is not his fault. Therefore, the court grants the motion to the extent that his cases are ready to be screened, though he is reminded that his obligation to pay the filing fees remains and so he should ensure that sufficient funds remain in his account. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Doughty alleges that during the medical screening during his booking into the Allen County Jail in June 2020, he informed the medical staff about his allergies to beans, oats, lactose, and wool. ECF 13 at 4. Jail medical staff was aware of these food allergies from prior incarcerations as well, and they were entered into the jail system. *Id.* In addition, Doughty submitted a request to be put back on a high fiber diet because of his chronic constipation. *Id.* He submitted a Release of Information so that the jail could have access to his outside medical records, which contain a doctor's recommendation for a high fiber diet. *Id.*

Doughty complains that, despite his allergies, Dallas, the kitchen supervisor at the jail, would send him the wrong food tray. ECF 13 at 4. But then in January 2021, Jennifer Jackson, the Registered Dietician for Tiger Correctional Services removed the allergies from his records and put him back on a regular food tray. *Id.* at 5. She told him that he should just eat around the food he is allergic to, and she would not give him alternative foods. *Id.* Doughty sent a medical request form to Danielle Barr, the head nurse, protesting the diet change. *Id.* at 6. She responded that Jackson makes the final decision about diet and food allergies. *Id.*

Doughty is a pre-trial detainee. A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.* Here, the allegations against Dallas for sending the wrong food tray do not suggest more than negligence, which is not enough to state a claim under the Fourteenth Amendment. *See Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause."). But Doughty has stated a claim against Jennifer Jackson for not giving him a medically necessary diet.

Doughty also seeks injunctive relief to get a proper diet. The Allen County Sheriff David Gladieux has both the authority and the responsibility to ensure that detainees at his facility are provided constitutionally adequate care as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); Indiana Code § 36-2-13-5(a)(7) ("The sheriff shall . . . take care of the county jail and the prisoners there . . . ."). However,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, Doughty may proceed against Sheriff Gladieux in his official capacity only to obtain injunctive relief to receive a constitutionally adequate diet – not to specifically mandate what foods he should be served.

Doughty does not state a claim against the remaining defendants. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and defendants cannot be held liable solely because they supervise other prison staff or oversee operations within the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Doughty has identified the registered dietician Jackson as the person who made the final decision about his diet. Therefore, Nurse Barr is not personally responsible for the decision. As to Lt. Sickafoose, the assistant jail commander who processed a grievance about the diet, as a nonmedical staff, he is entitled to rely on the dietician's judgment regarding the diet. *Burks*, 555 F.3d at 595; *see also Miranda*, 900 F.3d at 343 ("When detainees are under the care of medical experts, non-medical jail staff may generally trust the professionals to provide appropriate medical attention."). The same is true as to the jail commander, Butler, and the shift commander. They are entitled to rely on medical personnel's decisions.

4

Finally, Doughty sues Tiger Correctional Services, the jail's food service provider, and Quality Correctional Care, the jail's medical services provider. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general supervisory liability under section 1983, and neither company can be held liable solely because it employs the staff involved in Doughty's care. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). The complaint mentions Tiger Correction Services and Quality Correctional Care only in the context of employing the defendants, which is not a basis for liability under § 1983.

For these reasons, the court:

(1) GRANTS the motion to reconsider the filing fee (ECF 14) to the extent that Doughty's cases may proceed to screening, but he remains liable for the unpaid filing fee;

(2) GRANTS Antonio Doughty leave to proceed against Jennifer Jackson in her individual capacity for compensatory and punitive damages for denying Doughty a medically appropriate diet in violation of the Fourteenth Amendment;

(3) GRANTS Antonio Doughty leave to proceed against David Gladieux in his official capacity for permanent injunctive relief to obtain a medically appropriate diet as required by the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Tiger Correctional Services, Dallas, Danielle Barr, Butler, Lt. Sickafoose, and Quality Correctional Care;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Jennifer Jackson at the Allen County Jail, with a copy of this order and the complaint (ECF 13), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) David Gladieux at the Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 13), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Allen County Sheriff's Department to provide contact information, including an address and phone number, for Tiger Correctional Services, if Jennifer Jackson does not waive service;

(9) ORDERS Tiger Correctional Services and the Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jennifer Jackson and David Gladieux to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 12, 2021.

      s/William C. Lee
      JUDGE WILLIAM C. LEE
      UNITED STATES DISTRICT COURT